```
               UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
                   JACKSONVILLE DIVISION
```

Abdullah M. Al-Rayes, et al.,

        Plaintiffs,

vs.                                   Case No.   3:06-cv-362-J-33HTS

Ben H. Willingham, Jr., et al.,

        Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to Defendants Calvin Hudson and Ellen Hudson's Motion to Dismiss (Doc. # 36), filed on August 14, 2006. Plaintiffs' Memorandum in Opposition (Doc. # 41) was filed on September 1, 2006. Defendants also filed, with leave of Court, a Supplemental Motion to Dismiss (Doc. # 50) on October 4, 2006. Plaintiffs' Memorandum in Opposition to Supplemental Motion to Dismiss (Doc. # 59) was filed on October 24, 2006. For the reasons stated herein, Defendants' Motion to Dismiss and Supplemental Motion to Dismiss are due to be DENIED.

**I.  STANDARD OF REVIEW**

In deciding a motion to dismiss, the Court "accept[s] the facts of the complaint as true and view[s] them in the light most favorable to the non-moving party." See Magluta v. Samples, 375 F.3d 1269, 1273 (11th Cir. 2004)(citing Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998)). A complaint should not be dismissed for failure to state a claim

unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle it to relief." 75 Acres, LLC v. Miami-Dade County, Fla., 338 F.3d 1288, 1293 (11th Cir. 2003)(citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

The plaintiff is not required by the Federal Rules of Civil Procedure to "set out in detail the facts upon which he bases his claim." Conley, 355 U.S. at 47. All that is required is "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must be sufficient to afford the defendant "fair notice of what the claim is and the grounds upon which it rests." United States v. Baxter Int'l, Inc., 345 F.3d 866, 881 (11th Cir. 2003)(quoting Conley, 355 U.S. at 47).

## II. **FACTS**

The facts relevant to the instant motion to dismiss and its supplement are as follows. Plaintiffs have alleged that Defendants perpetrated a massive fraud upon them by acting as both sellers and agents for Plaintiffs in connection with Plaintiffs' purchase of several commercial office buildings. Plaintiffs allege that Defendants represented to Plaintiff Al-Rayes that they would, as his agents, locate and negotiate the purchase of commercial office buildings in the Southeastern region of the United States.

The First Amended Complaint alleges that Defendants misrepresented the purchase price of these buildings as being

substantially higher than the true asking price.  In so doing, Defendants would sell the building to Al-Rayes for more than the asking price and pocket the difference.  Al-Rayes claims that he paid approximately $53,160,650.00 for commercial buildings purchased through Defendants.  From these purchases, Defendants' profits were approximately $14,707,605.

Plaintiffs allege that Defendants Calvin and Ellen Hudson were involved in at least the first of these transactions, which related to the purchase of the Chemical Bank Building in Jacksonville, Florida.  Specifically, Calvin and Ellen Hudson were the initial and sole directors of Enterprise, Inc. from the point of its creation until the company was purchased by Al-Rayes.  At the time they formed Enterprise, Inc., the Hudson Defendants, along with other Defendants in this action, had already created a limited partnership, Enterprise Properties, Ltd., in which the Hudson Defendants were the sole limited partners.

Enterprise, Inc. had previously obtained all assets of the Limited Partnership, including the right to purchase the Chemical Bank Building.  Instead of making an arms-length purchase of the building for $4.5 million for Enterprise, Inc., the Hudson Defendants purchased the Chemical Bank Building for the Limited Partnership for $3,375,000.  After purchasing it for $3,375,000, the Limited Partnership then sold it, through Enterprise, Inc., to Al-Rayes.

-3-

Al-Rayes had been told that Enterprise, Inc. had been created to purchase the Chemical Bank Building on his behalf. He had been told, by another Defendant in this action, that the purchase should be made through the company because if the current owner knew that a wealthy foreigner was interested in the building, he would hold out for a higher price.

In connection with the purchase of the Chemical Bank Building, Plaintiffs have asserted Counts Five and Twenty against the Hudsons. Count Five alleges unjust enrichment; Count Twenty alleges breach of fiduciary duty.

### III. **ANALYSIS**

    **A.  Motion to Dismiss**

Defendants Calvin and Ellen Hudson moved to dismiss Counts Five and Twenty of Plaintiffs' First Amended Complaint. They argue, with respect to Count Five, that (1) Plaintiffs' claims that the limited partnership was created to purchase the bank building and immediately thereafter sell it to him "at an artificially inflated price" are not supported by the factual allegations in the FAC; (2) Plaintiffs cannot show that the Hudsons concealed the actual purchase price because the price paid by the limited partnership was a matter of public record; (3) the FAC fails to plead with sufficient particularity what misrepresentations the Hudsons made to Al-Rayes; and (4) Al-Rayes cannot show reasonable reliance on representations made to him "because it is patently

unreasonable to believe that the Hudsons would sell a building for $4.5 million after making a $7 million capital contribution to effect its purchase." (Doc. # 36, pp. 4-8.)

Plaintiffs counter that the Al-Rayes's reliance on Defendants' representations was reasonable. Defendants were not arms' length sellers of property; rather, Al-Rayes believed that Defendants were acting as his agents, "responsible for all aspects of the process of purchasing the properties at issue- including verifying the title and creating the corporate forms necessary to consummate the various transactions." (Doc. # 41, p. 13.)

Plaintiffs also argue that the reasonableness of a plaintiff's reliance is a factual issue for the jury. See, e.g., State Farm Mut. Auto Ins. Co. v. Weiss, 410 F. Supp. 2d 1146, 1158-59 (M.D. Fla. 2006); Cohen v. Kravit Estate Buyers, Inc., 843 So. 2d 989, 991 (Fla. 4th DCA 2003). Plaintiffs assert that the FAC meets the requirements of Federal Rule of Civil Procedure 9(b) because it

> alleges specific allegations concerning false statements and omissions by the moving defendants; it describes when these statements and omissions were made; it describes how these statements and omissions resulted in detrimental reliance on the part of Al-Rayes; and it even alleges what the benefits were that were obtained by the Hudson defendants as a result of the fraud.

(Doc. # 41, p. 16); see Brooks v. Blue Cross and Blue Shield of Florida, Inc., 116 F.3d 1364, 1370-71 (11th Cir. 1994)("Rule 9(b) may be satisfied if the complaint sets forth (1) precisely what statements were made in what documents or oral representations or

-5-

what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants 'obtained as a consequence of the fraud.'")); Medalie v. FSC Sec. Corp., 87 F. Supp. 2d 1295, 1307 (S.D. Fla. 2000).  For the reasons Plaintiffs state, this Court agrees that the allegations of fraud in the FAC have been pled with sufficient particularity to survive the instant motion to dismiss.

With respect to Count Twenty of the FAC, Defendants argue that (1) Al-Rayes has not set forth the requisite elements of a cause of action for unjust enrichment as to Defendant Ellen Hudson because there is no allegation that a benefit was conferred up on her, or that she had knowledge of the benefit; (2) Al-Rayes has not pled that he has no adequate remedy at law; (3) Plaintiffs cannot plead unjust enrichment in the alternative because they are alleging that Al-Rayes had an express agreement that, if valid, bars a claim for unjust enrichment because such an agreement gives Plaintiffs an adequate remedy at law.  (Doc. # 36, pp. 8-10.)

Plaintiffs maintain that Count Twenty states a valid claim for relief.  They argue that the FAC alleges that Defendant Ellen Hudson knowingly received a benefit from the payment of $1,024,622.08 to the Hudson IRA.  Plaintiffs also state that it is

permissible to allege an equitable claim for Unjust Enrichment in the alternative to a claim seeking a legal remedy.

The Court agrees with Plaintiffs that they may plead their legal and equitable claims for relief in the alternative, and it agrees that the FAC has sufficiently alleged that Defendant Ellen Hudson knowingly received a benefit from the alleged fraud. See <u>Shibata v. Lim</u>, 2000 U.S. Dist. LEXIS 20053 (M.D. Fla. 2000)("Florida law does not generally permit a party to pursue a cause of action on an express contract at the same time as he pursues a cause of action for unjust enrichment. . . . Both federal and Florid law, however, permit pleading in the alternative.")(internal citations omitted).

Defendants also argue that Plaintiffs' claims are barred by the applicable statute of limitations, found in Florida Statute § 96.11(3)(j) and Florida Statute § 95.031(2). Defendants state that

> Florida Statute 96.11(3)(j) provides a four-year statute of limitation for legal or equitable actions founded on fraud and Florida Statute 95.031(2) provides that the period of time for such an action begins to run from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence.

(Doc. # 36, p. 11.) Defendants argue that the facts Al-Rayes alleges in Count Five were readily discoverable in 1994 by checking the Public Records of Duval County, Florida and by reading decisions of the Fifth and Sixth Circuit Courts of Appeal referred to in the FAC. As for Count Twenty, Defendants argue that it is an

equitable claim governed by the principal of laches; for that reason, because the fraud claim is time barred, so is the unjust enrichment claim because they "concern[] the same subject matter." See Fla. Stat. § 95.11(6) ("laches shall bar any action unless it is commenced within the time provided for legal actions concerning the same subject matter . . .").

Plaintiffs argue that the applicable statute of limitations does not bar the instant action. They assert that the fraud in this case was ongoing and did not cease until its discovery in March 2005. Plaintiffs state that:

> [t]he FAC alleges that the fraudulent scheme at issue continued until Willingham was fired by the plaintiffs in March 2005 after the discovery by Al-Rayes of this fraud. Based on these statutes, it is arguable that the last date on which the present claims could have been brought would have been 12 years from the first transfer by Al-Rayes of $4.5 million to the defendants (which occurred on or about July 1, 1994), or July 1, 2006. Since the present case was filed on April 20, 2006, this defense must fail.

(Doc. # 41, p. 19.)

Because of the continuing nature of the alleged fraud, and the fact that Plaintiffs brought the instant action within twelve years of the date of Al-Rayes's first transfer of $4.5 million to Defendants, the Court finds that the statute of limitations does not bar the instant action. Of course, the Court also agrees that to whatever extent an issue remains regarding when Plaintiffs should have reasonably discovered the fraud, such a factual determination by the Court would be premature. See Laney v. Am.

Equity Inv. Life Ins. Co., 243 F. Supp. 2d 1347, 1357 (M.D. Fla. 2003).

**B.   Supplemental Motion to Dismiss**

In their Supplemental Motion to Dismiss, Defendants submit that Count Twenty-Two of the FAC should be dismissed. As grounds, Defendants argue that the FAC does not show a breach of fiduciary duty by the Hudsons to Enterprise, Inc. Specifically, Defendants argue that:

> [t]here is nothing in these facts to suggest that Enterprise, Inc. was in any way damaged or that the Hudsons breached any fiduciary duty to the corporation or, if they did, how Al-Rayes, who had no interest in the corporation at the time, individually, has a claim against the Hudsons for such breach.

(Doc. # 50, p. 2.) Defendants further assert that there are no allegations that the Hudson Defendants were personally involved in negotiating the transaction with Al-Rayes or that he even knew the Hudsons' identity at the time. As such, Defendants state that Plaintiffs have failed to state a claim for breach of fiduciary duty because there was no "relationship of trust and confidence" between Al-Rayes and the Hudsons.

Plaintiffs counter that the FAC does indeed allege a breach of fiduciary claim against the Hudson Defendants because of their self-dealing while acting as the sole directors of Enterprise, Inc. The Hudson Defendants owed a fiduciary duty to the corporation and may not make, either directly or indirectly, a profit while acting

on the corporations' behalf. <u>Cohen v. Hattaway</u>, 595 So. 2d 105, 107 (Fla. 5th Dist. Ct. App. 1992).

For the reasons stated in Plaintiffs' response, the Court finds that Plaintiffs have sufficiently alleged facts to support a claim for breach of fiduciary duty. At this time, Defendants have failed to meet their burden of demonstrating that "no relief could be granted under any set of facts that could be proved consistent with the allegations" in Plaintiff's FAC. <u>See</u> <u>Blackston v. State of Ala.</u>, 30 F.3d 117, 120 (11th Cir. 1994) (quoting <u>Hishon v. King & Spaulding</u>, 467 U.S. 69, 73 (1984)).

## IV. CONCLUSION

For the reasons stated herein, Defendants' Motion to Dismiss and Supplemental Motion to Dismiss are due to be denied.

Accordingly, it is now

**ORDERED, ADJUDGED** and **DECREED:**

(1) Defendants Calvin Hudson and Ellen Hudson's Motion to Dismiss (Doc. # 36) is **DENIED**.

(2) Defendants Calvin Hudson and Ellen Hudson's Supplemental Motion to Dismiss (Doc. # 50) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this <u>5th</u> day of February, 2007.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record

Pro se parties, if any