UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Abdullah M. Al-Rayes, et al.,

        Plaintiffs,

vs.                          Case No.   3:06-cv-362-J-33HTS

Ben H. Willingham, Jr., et al.,

        Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to Defendant Stephen D. Lobrano's Motion to Dismiss and Motion to Strike (Doc. # 38), filed on August 24, 2006.[1]  Plaintiffs' Memorandum in Opposition (Doc. # 55) was filed on October 12, 2006.  For the reasons stated herein, Defendant's Motion to Dismiss is due to be denied.

**I.   FACTS**

The facts relevant to the instant motion to dismiss are as follows.  Plaintiffs have alleged that Defendants in this action perpetrated a massive fraud upon them by acting as both sellers and

---

[1] Even though the facts indicate that Defendant Lobrano is an attorney, in considering his motion the Court has afforded him the same latitude generally granted to a litigant who proceeds pro se.  See  Trawinski v. United Techs., 313 F.3d 1295, 1297 (11th Cir. 2002)(quoting Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").

agents for Plaintiffs in connection with Plaintiffs' purchase of several commercial office buildings. Plaintiffs allege that Defendants represented to Plaintiff Al-Rayes that they would, as his agents, locate and negotiate the purchase of commercial office buildings in the Southeastern region of the United States.

The First Amended Complaint alleges that Defendants misrepresented the purchase price of these buildings as being substantially higher than the true asking price. In so doing, Defendants would sell the building to Al-Rayes for more than the asking price and pocket the difference. Al-Rayes claims that he paid approximately $53,160,650.00 for commercial buildings purchased through Defendants. From these purchases, Defendants' profits were approximately $14,707,605.

Plaintiffs allege that Defendant Lobrano played a significant role in the scheme by misrepresenting to Al-Rayes that he was representing his interests, while at the same time taking steps to cause him to pay inflated prices for properties. Specifically, Plaintiffs allege that Lobrano misrepresented to them that he was representing their interests in the Chemical Bank and Kenmar Medical Building transactions, when in fact he was actually working with the other defendants to defraud Plaintiffs. According to Plaintiffs, Lobrano formed a limited partnership to purchase the Chemical Bank Building and used the limited partnership to conceal the true purchase price when the building was immediately re-sold

to Al-Rayes at an artificially inflated price. These actions were taken when Plaintiffs believed Lobrano should have been acting as a fiduciary. Plaintiffs states that "[t]hese allegations, that entities were formed and representations were made in an effort to conceal the true purchase price of the properties, are the core of the enterprise's operation." (Doc. # 55, p. 11.)

Based on these allegations, Plaintiffs have asserted Counts One, Two, Three, Four, Five, Six, Seven, Eight, Nine, and Nineteen against Defendant Lobrano.

## II. ANALYSIS

### A. Motion to Dismiss

In deciding a motion to dismiss, the Court "accept[s] the facts of the complaint as true and view[s] them in the light most favorable to the non-moving party." See Magluta v. Samples, 375 F.3d 1269, 1273 (11th Cir. 2004)(citing Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998)). A complaint should not be dismissed for failure to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle it to relief." 75 Acres, LLC v. Miami-Dade County, Fla., 338 F.3d 1288, 1293 (11th Cir. 2003)(citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

The plaintiff is not required by the Federal Rules of Civil Procedure to "set out in detail the facts upon which he bases his claim." Conley, 355 U.S. at 47. All that is required is "a short

and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must be sufficient to afford the defendant "fair notice of what the claim is and the grounds upon which it rests." United States v. Baxter Int'l, Inc., 345 F.3d 866, 881 (11th Cir. 2003)(quoting Conley, 355 U.S. at 47).

### 1. Count One

Defendant Lobrano argues that Count One of the FAC should be dismissed because it fails to state a claim upon which relief can be granted. Count One alleges a violation of 18 U.S.C. § 1962(c), which declares that it is

> unlawful for any person employed by or associated with an enterprise engaged in or the activities of which affect, state or foreign commerce, to conduct or participate, directly or indirectly, in conduct of such enterprise's affairs through a pattern of racketeering activities.

18 U.S.C. § 1962(c).

Lobrano argues that Count One should be dismissed because it fails to allege that he participated in the operation or management of the enterprise itself. According to Lobrano, the FAC merely alleges that he "provided undefined professional services in connection with two real estate transactions and fails to allege that [he] participated in any manner or fashion in the operation and management of the RICO enterprise that is the basis for the causes of action." (Doc. # 39, p. 5.) It is Lobrano's argument that the FAC does not show that he was in "active management or

4

operation" of the alleged RICO activity because he was merely providing legal services to Enterprise Properties or any other entity involved in this action.

Plaintiffs concede that individuals who provide common professional services are not considered participants in the operation or control of an enterprise for the purposes of the statute; however, Plaintiffs assert that Lobrano's actions extend beyond the provision of common professional services. Specifically, they argue that the following acts constitute active participation, even though Lobrano performed them as part of his legal services: (1) the misrepresentation to Plaintiffs that he was in a fiduciary capacity as their attorney when in fact he was only representing Defendants' interests; (2) the formation of the Limited Partnership to purchase the Chemical bank Building and immediately re-sell the property to Al-Rayes at an artificially inflated price; and (3) the concealment of the true purchase price from Al-Rayes by running the purchase through the Limited Partnership.

It is clear that an individual must "participate in the operation or management of the enterprise itself" in order to be liable under § 1962(c). See Reves v. Ernst & Young, 507 U.S. 170, 185 (1993). It is also clear that while the provision of common legal services will not give rise to RICO liability under the statute, there is no "per se rule that one cannot operate or manage

5

an enterprise via the provision of legal services." Thomas v. Ross & Hardies, 9 F. Supp. 2d 547, 554 (D. Md. 1998). For that reason, when "the professional services provided strike at the very core of the enterprise," it can be said that the lawyer is managing or operating the enterprise. Id. at 555.

Based on the allegations in the FAC, the Court agrees with Plaintiffs that dismissal of Count One is improper at this stage. If true, the allegations against Lobrano in the FAC "suggest that there exists a set of facts that would entitle the Plaintiffs to relief" because his alleged actions extended beyond the mere provision of legal services. Id.

### 2. Count Two

Defendant Lobrano argues that Count Two of the FAC should be dismissed because it fails to state a claim upon which relief can be granted. Count Two alleges a conspiracy under 18 U.S.C. § 1961(d) to violate § 1962(c). Both sides agree that to establish a RICO conspiracy claim, a plaintiff must show either that the defendant agreed to the overall objective of the conspiracy or that he agreed to commit two predicate acts. United States v. Abell, 271 F.3d 1286, 1299 (11th Cir. 2001); In Re Managed Care Litigation, 430 F. Supp. 2d 1336, 1344 (S.D. Fla. 2006).

The parties' agreement on the law diverges with regard to the proof that is required to establish a RICO conspiracy. Lobrano argues that the FAC must allege "specific facts that show that the

6

defendant was aware of the conspiracy, the particular objective of the conspiracy, and willingly participated in the conspiracy." (Doc. # 39, p. 6.)  Lobrano further asserts that summary or conclusory allegations are sufficient to withstand a motion to dismiss a § 1962(d) claim.  According to Lobrano, the FAC "fails to include any factual allegations that Lobrano made any agreement with the other RICO defendants to violate the RICO law or that he personally committed two predicate acts of mail or wire fraud to support a claim that he was a co-conspirator in the alleged RICO violation."  (Doc. # 39, p. 6.)

On the other hand, Plaintiffs argue that the existence of the conspiracy need not be proved by direct evidence and can be inferred from the conduct of the alleged participants or from circumstantial evidence of the scheme.  Plaintiffs offer the following circumstantial evidence, which they argue tends to show Lobrano's participation in the conspiracy: (1) that Lobrano represented that he was acting in Al-Reyes' interests in the Chemical Bank Building transaction; (2) that he formed the Limited Partnership to allow other Defendants to "flip" the Chemical Bank Building to Al-Rayes at an inflated price; (3) that he assisted other Defendants in closing on a loan with First Federal Savings Bank in order to buy the Chemical Bank Building before flipping it to Al-Rayes; (4) that he assisted other Defendants with transferring assets from the Limited Partnership to Enterprise Inc.

7

for the purpose of completing the fraud; and (5) that he assisted other Defendants in the Kenmar Medical Building closing. (Doc. # 55, pp. 14-15.)

Plaintiffs also state that Lobrano's participation was the "linchpin of the enterprise" because his misrepresentation that he was acting in Al-Rayes' interest prevented Al-Rayes from detecting Willingham's self-dealing and inflation of the purchase price of the properties. (Id. at 15.) In sum, Plaintiffs believe that Lobrano's agreement to the overall objective of the RICO Defendants can be inferred from the nature of the scheme and Lobrano's deliberate acts in two separate transactions in furtherance of the conspiracy. (Id.)

With respect to Count Two, this Court finds that the allegations are sufficient to withstand this motion to dismiss. Plaintiffs have alleged facts which, taken as true, support an inference that Lobrano was aware of the conspiracy and its objective and was a willing participant in it.

### 3. Counts One and Two: Statute of Limitations

Lobrano argues that Counts One and Two should be dismissed because the statute of limitations has run as to those claims. The arguments made in Lobrano's motion duplicate in all relevant respects those made in the Hudson Defendants' motion to dismiss. (See Doc. # 36, pp. 5-8.) This Court rejected those arguments in its Order denying the Hudson Defendants' motion and need not

revisit the issue here.  For the reasons stated in the Court's previous Order, the Court rejects Lobrano's statute of limitations argument.  (See Doc. # 61, p. 7-9.)

### 4. Counts Three and Four: State RICO Claims

Lobrano argues that the RICO claims alleged in Counts Three and Four of the FAC assert state law claims which, because they are based upon and modeled after the federal law, should be dismissed because Counts One and Two fail to state a claim.  As the Court has concluded that Counts One and Two should survive this motion to dismiss, Lobrano's argument regarding Counts Three and Four must be rejected.

### 5. Counts Four and Five

Lobrano asserts that Counts Four and Five should be dismissed.  As grounds for dismissal, Lobrano argues that "there are no allegations that Defendant Lobrano made any representation to the Plaintiffs aside from the nature of the representation which would constitute a claim for malpractice under Florida law." (Doc. # 39, p. 9.)  Lobrano also argues that there are no allegations that he "had any specific knowledge of the misrepresentations or omissions made by Mr. Willingham on [sic] any of the other Defendants to the Plaintiffs." (Id.)  Lobrano then states that Counts Four and Five "also fail to allege fraud with particularity as to Defendant Lobrano as required by Rule 9(b), Federal Rules of Civil Procedure." (Id.)

9

For the reasons stated in Plaintiffs' Response, the Court finds that the allegations in the FAC are, at a minimum, sufficient to withstand a motion to dismiss on this basis.  The Eleventh Circuit has acknowledged that there is a "potential conflict" between Federal Rules of Civil Procedure 8 and 9(b).  Friedlander v. Nims, 755 F.2d 810, 813 n.3 (11th Cir. 1985) ("We are well aware of the potential conflict that exists between the concept of 'notice pleading' which is embodied in Fed. R. Civ. P. 8 and the particularity requirement of Fed. R. Civ. P. 9(b).")  When addressing the issue in Friedlander, the court noted that "Rule 9(b) must not be read to abrogate rule 8 . . . and a court considering a motion to dismiss for failure to plead fraud with particularity should always be careful to harmonize the directives of Rule 9(b) with the broader policy of notice pleading."  Id.

Lobrano's arguments for dismissal on this basis do not persuade the Court that he has not been provided "sufficient notice of the acts complained of," nor that he is unable to prepare an effective response and defense to Plaintiffs' allegations of fraud. See McDonough v. Americom Int'l Corp., No. 92-273, 1993 U.S. Dist. LEXIS 12929, at *6 (M.D. Fla. Sept. 10, 1993) ("The purpose of Fed. R. Civ. P. 9(b) is to ensure that allegations are specific enough to provide defendants sufficient notice of the acts complained of and to enable them to prepare an effective response and defense, to eliminate those complaints filed as a pretext for the discovery of

10

unknown wrongs, and to protect defendants from unfounded charges of wrongdoing that injure their reputations and goodwill.") (citing <u>Viscomi v. Paine, Webber, Jackson & Curtis, Inc.</u>, 596 F. Supp. 1537, 1539 (S.D. Fla, N.D. 1984) (quoting <u>Benoay v. Decker</u>, 517 F. Supp. 490, 492 (S.D.N.Y. 1981))). In light of the foregoing, the Court is not satisfied that Lobrano has shown that dismissal on this basis is appropriate at this stage.

      **6.    Counts Seven, Eight, and Nine: State Registration as a Real Estate Broker**

Lobrano argues that Counts Seven, Eight, and Nine should be dismissed because they fail to allege that he acted as a real estate broker in any of the transactions alleged in the First Amended Complaint. Particularly in light of the fact that he offers no legal support for his argument, Lobrano's arguments fail to convince the Court that Counts Seven, Eight, and Nine should be dismissed on this basis.

      **7.    Supplemental Jurisdiction**

Because it has rejected Lobrano's arguments in favor of dismissal of Counts One and Two, the Court similarly rejects his contention that the state law claims asserted in Counts Three, Four, Five, Six, Seven, Eight, Nine, and Nineteen should be dismissed for lack of supplemental jurisdiction.

    **B.    Motion to Strike**

Federal Rule of Civil Procedure 12(f) provides that the Court may order that "any redundant, immaterial, impertinent, or

11

scandalous matter" be stricken from a pleading.  However, "[a] motion to strike will 'usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.'" Scelta v. Delicatessen Support Servs., Inc., 57 F. Supp. 2d 1327, 1347 (M.D. Fla. 1999)(quoting Seibel v. Soc'y Lease, Inc., 969 F. Supp. 713, 715 (M.D. Fla. 1997)); see Augustus v. Bd. of Pub. Instruction, 306 F.2d 862 (5th Cir. 1962)(motions to strike are disfavored and rarely granted). Even if "the offending matter literally is within one or more of the categories set forth in Rule 12(f)," the motion to strike should be denied "when the court believes that no prejudice could result from the challenged allegations." Wright & Miller, Federal Practice & Procedure: Civil § 1382 at 443-44 (2004); See also Rawson v. Sears Roebuck & Co., 585 F. Supp. 1393, 1397 (D. Co. 1984)(holding that "defendant must demonstrate that it will be unduly prejudiced if the[] allegations are not stricken.").  It is generally true that a motion to strike "is not the proper procedure to place plaintiff's pleadings in issue" when a defendant disagrees with the contentions in a complaint.  Cash v. Frederick & Co., Inc., 57 F.R.D. 71, 78 (E.D. Wis. 1972); see also Augustus, 306 F.2d at 868 ("a disputed fact question cannot be decided on a motion to strike.").

In the instant motion, Lobrano argues that the Court should strike paragraph 40 of the FAC, which alleges that Lobrano is a convicted felon.  (Doc. # 38, p. 3.)  It is Lobrano's contention that "there is no purpose to refer to the subsequent and later

12

conviction of Defendant Lobrano . . . [other] than to create[] prejudice against Lobrano in the eyes of the jury in this matter." (Doc. # 38, p. 3.)

Lobrano's argument in this regard is due to be rejected. His claim that there is no purpose for the reference to his conviction other than to cause disfavor with a jury is not enough to justify the striking of this material. Although it rejects Lobrano's arguments, it notes that its denial of the motion to strike is without prejudice. Should he wish to renew the motion, Lobrano is advised to include citations to legal authority in support of his arguments to strike the subject language.

## III. CONCLUSION

For the reasons stated herein, Defendant Lobrano's Motion to Dismiss and Motion to Strike are due to be denied.

Accordingly, it is now

**ORDERED, ADJUDGED** and **DECREED:**

(1) Defendant Stephen L. Lobrano's Motion to Dismiss and Motion to Strike (Doc. # 38) is **DENIED** without prejudice.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this 14th day of March, 2007.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

13

```
All Counsel of Record

Pro se parties, if any
```